1545

# IN THE UNITED STATES DISTRICT COURT

## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA    )

                                     )

v.                         )    Criminal No.        Erie

                                     )

**23-0017**

RICHARD ALAN MARTZ, JR.    )    (18 U.S.C. §§ 1349, 1030(a)(2)(C), 1030(b)
DYLAN MICHAEL MILLER       )    1030(c)(2)(B)(i), 1028A(a)(1),
CHRISTOPHER RYAN CLAMPITT  )    2252(a)(2), 2252(a)(4)(B),
EDWARD MICHAEL GRABB      )    2252(b)(1) and 2252(b)(2))
MICHAEL PAUL YACKOVICH    )
LUKE ROBERT SWINEHART      )    **(Under Seal)**
KARLIN TERRELL JONES        )

## INDICTMENT

**FILED**

The grand jury charges:

**JUL 11 2023**

## COUNT ONE

CLERK U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

## INTRODUCTION

At all times material to this Indictment:

1.    Defendant RICHARD ALAN MARTZ, JR. was a resident of the Western District of Pennsylvania.

2.    Defendant DYLAN MICHAEL MILLER was a resident of the Western District of Pennsylvania.

3.    Defendant CHRISTOPHER RYAN CLAMPITT was a resident of the Middle District of North Carolina.

4.    Defendant EDWARD MICHAEL GRABB was a resident of the Western District of Pennsylvania.

5.    Defendant MICHAEL PAUL YACKOVICH was a resident of the Western District of Pennsylvania.

6.    Defendant LUKE ROBERT SWINEHART was a resident of the Middle District of Pennsylvania.

7.    Defendant KARLIN TERRELL JONES was a resident of the Western District of Pennsylvania.

8.    Snapchat was an American multimedia instant messaging application and service based in Santa Monica, California offering its users the ability to store images and videos within their Snapchat account.

## THE CONSPIRACY AND ITS OBJECTS

9.    From in and around March 2020, and continuing thereafter until in and around October 2022, in the Western District of Pennsylvania, and elsewhere, the defendants, RICHARD ALAN MARTZ, JR., DYLAN MICHAEL MILLER, CHRISTOPHER RYAN CLAMPITT, EDWARD MICHAEL GRABB, MICHAEL PAUL YACKOVICH, LUKE ROBERT SWINEHART and KARLIN TERRELL JONES, and others, both known and unknown to the grand jury, knowingly, and voluntarily combined, conspired, confederated and agreed together to commit the crime of wire fraud, in violation of Title 18, United States Code, Section 1343.

## MANNER AND MEANS OF THE CONSPIRACY

10.    It was part of the conspiracy that the defendants, RICHARD ALAN MARTZ, JR., DYLAN MICHAEL MILLER, CHRISTOPHER RYAN CLAMPITT, EDWARD MICHAEL GRABB, and MICHAEL PAUL YACKOVICH, unlawfully obtained access to or hacked into the Snapchat accounts of numerous victims through a variety of means.

11.    It was further a part of the conspiracy that after obtaining unauthorized access to the victims' Snapchat accounts, the defendants, RICHARD ALAN MARTZ, JR.,

2

DYLAN MICHAEL MILLER, CHRISTOPHER RYAN CLAMPITT, EDWARD MICHAEL GRABB, and MICHAEL PAUL YACKOVICH, would seek out and search for explicit images and videos depicting the victims that were contained within the compromised Snapchat accounts.

12.     It was further a part of the conspiracy that after obtaining unauthorized access to explicit images and videos depicting the victims in the victims' Snapchat accounts, the defendants, RICHARD ALAN MARTZ, JR., DYLAN MICHAEL MILLER, CHRISTOPHER RYAN CLAMPITT, EDWARD MICHAEL GRABB, and MICHAEL PAUL YACKOVICH, would then, without the victims' knowledge or authorization, copy the victims' explicit images and videos, and take control and possession of the victims' explicit images and videos.

13.     It was further a part of the conspiracy that after obtaining unauthorized control and possession of the explicit images and videos depicting the victims, the defendants, RICHARD ALAN MARTZ, JR., DYLAN MICHAEL MILLER, CHRISTOPHER RYAN CLAMPITT, EDWARD MICHAEL GRABB, and MICHAEL PAUL YACKOVICH, would then save that material on digital devices within their possession and control.

14.     It was further a part of the conspiracy that after obtaining unauthorized control and possession of the images and videos depicting the victims, the defendants, RICHARD ALAN MARTZ, JR., DYLAN MICHAEL MILLER, CHRISTOPHER RYAN CLAMPITT, EDWARD MICHAEL GRABB, and MICHAEL PAUL YACKOVICH, would save that material within their own cloud or remote digital storage accounts and cloud or remote digital storage accounts to which they had access.

15.     It was further a part of the conspiracy that the defendants, RICHARD ALAN MARTZ, JR., DYLAN MICHAEL MILLER, CHRISTOPHER RYAN CLAMPITT, EDWARD MICHAEL GRABB, MICHAEL PAUL YACKOVICH, LUKE ROBERT

3

SWINEHART and KARLIN TERRELL JONES, would trade, share, seek and receive via the Internet and social media sites and applications, the explicit images and videos depicting the victims.

16. It was further a part of the conspiracy that the defendants, RICHARD ALAN MARTZ, JR., DYLAN MICHAEL MILLER, CHRISTOPHER RYAN CLAMPITT, EDWARD MICHAEL GRABB, MICHAEL PAUL YACKOVICH and LUKE ROBERT SWINEHART, would pay for, receive, trade and teach others, known and unknown to the grand jury, the instructions, techniques and scripts detailing and explaining how to hack into victim Snapchat accounts for the purpose of obtaining unauthorized access to explicit images and videos of the victims within the victims' Snapchat accounts.

17. It was further a part of the conspiracy that the defendants, RICHARD ALAN MARTZ, JR., CHRISTOPHER RYAN CLAMPITT and MICHAEL PAUL YACKOVICH, would receive payment and attempt to receive payment from others known and unknown to the grand jury, in exchange for providing scripts and instructions detailing and explaining how to hack into and obtain unauthorized access to the victims' Snapchat accounts.

18. It was further a part of the conspiracy that the defendants, RICHARD ALAN MARTZ, JR., DYLAN MICHAEL MILLER, CHRISTOPHER RYAN CLAMPITT, EDWARD MICHAEL GRABB, MICHAEL PAUL YACKOVICH, and LUKE ROBERT SWINEHART, would post explicit images and videos of victims, obtained without the authorization or knowledge of the victims, on numerous Internet sites and on social media or encrypted communication applications.

19. It was further a part of the conspiracy that the defendants, RICHARD ALAN MARTZ, JR., DYLAN MICHAEL MILLER, CHRISTOPHER RYAN CLAMPITT,

4

EDWARD MICHAEL GRABB, MICHAEL PAUL YACKOVICH, LUKE ROBERT SWINEHART and KARLIN TERRELL JONES, would communicate with others, known and unknown to the grand jury, seeking to target specific victim Snapchat accounts for unauthorized intrusion and hacking.

20. It was further a part of the conspiracy that the defendants, RICHARD ALAN MARTZ, JR., DYLAN MICHAEL MILLER, CHRISTOPHER RYAN CLAMPITT, EDWARD MICHAEL GRABB, and MICHAEL PAUL YACKOVICH, and others known and unknown to the grand jury, would hack into and obtain unauthorized access to the Snapchat accounts of numerous victims at the specific request of Co-Conspirators and others known and unknown to the grand jury.

21. It was further a part of the conspiracy that the defendants, RICHARD ALAN MARTZ, JR., CHRISTOPHER RYAN CLAMPITT, EDWARD MICHAEL GRABB, MICHAEL PAUL YACKOVICH, LUKE ROBERT SWINEHART and KARLIN TERRELL JONES, utilized Internet payment platforms to pay for and receive payment for images and videos depicting the victims that were obtained from the victims' Snapchat accounts without the victims' knowledge or authorization.

22. It was further a part of the conspiracy that the defendants, RICHARD ALAN MARTZ, JR., DYLAN MICHAEL MILLER, CHRISTOPHER RYAN CLAMPITT, EDWARD MICHAEL GRABB, MICHAEL PAUL YACKOVICH, LUKE ROBERT SWINEHART and KARLIN TERRELL JONES, communicated with each other, Snapchat and the victim Snapchat account holders, via interstate and foreign wire communications.

23. It was further a part of the conspiracy that the defendants, RICHARD ALAN MARTZ, JR., DYLAN MICHAEL MILLER, CHRISTOPHER RYAN CLAMPITT,

EDWARD MICHAEL GRABB, MICHAEL PAUL YACKOVICH, LUKE ROBERT SWINEHART and KARLIN TERRELL JONES, shared and received information, including explicit images and videos depicting victims, obtained without authorization from the victims, via interstate and foreign wire communications.

In violation of Title 18, United States Code, Section 1349.

## COUNTS TWO THROUGH FIVE

The grand jury further charges:

24.    The United States incorporates by reference herein the allegations in paragraphs 1 through 23, as though set forth at length more fully herein.

25.    From in and around October 2020, to in and around June 2021, in the Western District of Pennsylvania and elsewhere, the defendants, RICHARD ALAN MARTZ, JR., and MICHAEL PAUL YACKOVICH, intentionally accessed and attempted to access a computer without authorization, that is, servers belonging to Snapchat, and thereby obtained information from a protected computer for purposes of commercial advantage and private financial gain, that is, images and videos belonging to Snapchat users as specified below, each such unauthorized access of a protected computer representing a separate count herein:

| Count | Defendant | Date (in and around) | Victim |
|-------|-----------|----------------------|--------|
| 2 | MARTZ | February 2021 | Victim 13 |
| 3 | MARTZ | June 2021 | Victim 26 |
| 4 | MARTZ | June 2021 | Victim 27 |
| 5 | YACKOVICH | October 2020 | Victim 33 |

In violation of Title 18, United States Code, Sections 1030(a)(2)(C), 1030(b) and 1030(c)(2)(B)(i).

7

## COUNTS SIX THROUGH THIRTEEN

The grand jury further charges:

26.    The United States incorporates by reference herein the allegations in paragraphs 1 through 25, as though set forth at length more fully herein.

27.    From in and around March 2021, to in and around October 2022, in the Western District of Pennsylvania and elsewhere, the defendants, RICHARD ALAN MARTZ, JR., DYLAN MICHAEL MILLER, CHRISTOPHER RYAN CLAMPITT, EDWARD MICHAEL GRABB, and MICHAEL PAUL YACKOVICH, during and in relation to the felony violations of conspiracy to commit wire fraud and fraud and related activity in connection with computers, in violation of Title 18, United States Code, Sections 1349, 1030(a)(2)(C), 1030(a)(5)(A) and 1030(b), did knowingly transfer, possess and use, without lawful authority, a means of identification of another person, namely, the Snapchat account, Snapchat account PIN number, Snapchat account password, Snapchat My Eyes Only (MEO) PIN number and phone number that may be used, alone and in conjunction with other information, to identify the following victims specified below, who are known to the grand jury, each such means of identification representing a separate count herein:

| Count | Defendant | Date (in and around) | Name | Means of Identification |
|-------|-----------|---------------------|------|------------------------|
| 6 | MARTZ | February 2021 | Minor Victim 1 | Snapchat account, Snapchat PIN |
| 7 | MARTZ | April 2021 | Victim 19 | Snapchat account, Snapchat PIN |
| 8 | MILLER | January 2022 | Victim 11 | Snapchat account, Snapchat password |
| 9 | MILLER | March 2021 | Victim 18 | Snapchat account |
| 10 | CLAMPITT | September 2022 | Victim 12 | Snapchat account, Snapchat PIN |
| 11 | GRABB | April 2021 | Victim 7 | Snapchat account, Snapchat |

| | | | | PIN |
|----|-----------|------------|-----------|--------------------------------|
| 12 | YACKOVICH | April 2021 | Victim 5  | Snapchat account, Snapchat PIN |
| 13 | YACKOVICH | April 2021 | Victim 20 | Snapchat account, Snapchat PIN |

In violation of Title 18, United States Code, Sections 1028A(a)(1) and 2.

9

## COUNT FOURTEEN

The grand further jury charges:

28.     In and around February 2021, in the Western District of Pennsylvania, the defendant, RICHARD ALAN MARTZ, JR., did knowingly receive, and attempt to receive, visual depictions of a minor, namely, digital files depicting Minor Victim 1, that had been shipped and transported in interstate commerce, specifically by the Internet, phone and computer, the production of which involved the use of a minor engaging in sexually explicit conduct, as those terms are defined in Title 18, United States Code, Section 2256.

In violation of Title 18, United States Code, Sections 2252(a)(2) and 2252(b)(1).

## COUNT FIFTEEN

The grand jury further charges:

29.    From in and around February 2021, to in and around February 2022, in the Western District of Pennsylvania, the defendant, RICHARD ALAN MARTZ, JR., did knowingly possess, and attempt to possess, visual depictions, namely, digital files depicting Minor Victim 1, the production of which involved the use of a minor engaging in sexually explicit conduct, as those terms are defined in Title 18, United States Code, Section 2256, which had been shipped and transported in interstate and foreign commerce, including by means of the Internet, phone and computer.

In violation of Title 18, United States Code, Sections 2252(a)(4)(B) and 2252(b)(2).

11

## COUNT SIXTEEN

The grand jury further charges:

30.    In and around May 2022, in the Western District of Pennsylvania, the defendant, DYLAN MICHAEL MILLER, did knowingly possess, and attempt to possess, visual depictions, namely, digital files depicting Minor Victim 2 and Minor Victim 3, the production of which involved the use of a minor engaging in sexually explicit conduct, as those terms are defined in Title 18, United States Code, Section 2256, which had been shipped and transported in interstate and foreign commerce, including by means of the Internet, phone and computer.

In violation of Title 18, United States Code, Sections 2252(a)(4)(B) and 2252(b)(2).

## FORFEITURE ALLEGATIONS

1.      The grand jury re-alleges and incorporates by reference the allegations contained in Counts One through Sixteen of this Indictment for the purpose of alleging criminal forfeiture pursuant to Title 18, United States Code, Sections 1030(i)(1)(A), 1030(i)(2) and 2253(a)(3).

2.      The United States hereby gives notice to the defendants charged in Counts Two through Five and Fourteen through Sixteen  that, upon their conviction of such offenses, the government will seek forfeiture in accordance with Title 18, United States Code, Sections 1030(i)(1)(A), 1030(i)(1)(B), 1030(i)(2), and 2253(a)(3), which require any person convicted of such offenses to forfeit any personal property: a) constituting or traceable to gross profits or other proceeds obtained from the offenses; b) used or intended to be used to commit or to facilitate the commission of the offenses, including but not limited to:

1) Defendant RICHARD ALAN MARTZ, JR.:

   a.  Samsung Galaxy S8 bearing IMEI 359031085346502;
   b.  Gigastone 64gb USB;

2) Defendant DYLAN MICHAEL MILLER:

   a.  Toshiba external hard drive bearing serial number X5D8SW7VS64A;
   b.  HP laptop computer bearing serial number BCG7445XPS;
   c.  HP gray laptop computer bearing the partial identifier 584027-001;
   d.  Gaming computer bearing the identifier ABS157879160-074;
   e.  iPhone bearing the identifier 352912114146111;

3) Defendant MICHAEL PAUL YACKOVICH:

   a.  iPad bearing serial number GG7CQ27XMDG3;
   b.  iPhone bearing IMEI 354703756716321;
   c.  USB Hoo Too 32gb bearing serial number OFFB121K;
   d.  Cyber Power PC bearing serial number AM4488-585139;

3.      If any of the property described above, as a result of any act or omission of

13

the defendant,

     a.     cannot be located upon the exercise of due diligence;

     b.     has been transferred or sold to, or deposited with, a third party;

     c.     has been placed beyond the jurisdiction of the court;

     d.     has been substantially diminished in value;

     e.     has been commingled with other property which cannot be divided with difficulty,

the United States shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Sections 1030(i)(2) and 2253(b).

A True Bill,

_____
FOREPERSON

_____
ERIC G. OLSHAN
United States Attorney
IL ID No. 6290382

_____
CHRISTIAN A. TRABOLD
Assistant United States Attorney
PA ID No. 75013

14