

**U.S. Department of Justice**

*United States Attorney*
*Western District of Pennsylvania*

---

*Joseph F. Weis, Jr. U.S. Courthouse*
*700 Grant Street*
*Suite 4000*
*Pittsburgh, Pennsylvania  15219*                    *412/644-3500*

April 29, 2026

Michael W. Harmon, Esquire
333 State Street
Suite 203
Erie, Pennsylvania 16507

Re:     United States of America v.
        RICHARD ALAN MARTZ, JR.
        Criminal No. 23-17 Erie

Dear Mr. Harmon:

This letter sets forth the agreement by which your client, RICHARD ALAN MARTZ, JR., will enter a plea of guilty in the above-captioned case.  The letter represents the full and complete agreement between RICHARD ALAN MARTZ, JR. and the United States Attorney for the Western District of Pennsylvania.  The agreement does not apply to or bind any other federal, state, or local prosecuting authority.

Upon entering a plea of guilty, RICHARD ALAN MARTZ, JR. will be sentenced under the Sentencing Reform Act, 18 U.S.C. § 3551, et seq. and 28 U.S.C. § 991, et seq.  The Sentencing Guidelines promulgated by the United States Sentencing Commission will be considered by the Court in imposing sentence.  The facts relevant to sentencing shall be determined initially by the United States Probation Office and finally by the United States District Court by a preponderance of the evidence.

      A.     The defendant, RICHARD ALAN MARTZ, JR., agrees to the following:

           1.     The defendant will enter a plea of guilty to Counts One, Six and Fourteen of the Indictment at Criminal No. 23-17 Erie, charging the defendant with violating 18 U.S.C. §§ 1349, 1028A(a)(1), 2, and 2252(a)(2) pursuant to Rule 11 of the Federal Rules of Criminal Procedure.

LIMITED OFFICIAL USE

April 29, 2026
Page 2

2.      The defendant acknowledges the defendant's responsibility for the conduct charged in Counts Two through Four, Seven, and Fifteen of the Indictment at Criminal No. 23-17 Erie and stipulates that the conduct charged in those Counts may be considered by the Probation Office or by the Court in calculating the guideline range and in imposing sentence.

3.      The defendant will pay mandatory restitution under 18 U.S.C. §§ 3663, 3663A, 3664 and 2259 to the victims and/or other persons or parties authorized by law in such amounts as the Court shall direct.

        The defendant agrees that restitution and any other financial obligations imposed by the Court are due and payable immediately after the judgment is entered, and subject to immediate enforcement, in full, by the United States. If the Court imposes a schedule of payments, the defendant agrees that the schedule of payments is a schedule of the minimum payments due, and that the payment schedule does not prohibit or limit the methods by which the United States may immediately enforce the judgment in full.

        Upon request of the United States, the defendant agrees to provide all information regarding the defendant's income, assets and financial status, and that of the defendant's household. If requested, the defendant agrees to submit to an interview and/or deposition as to these matters and to undergo a polygraph examination. Upon request, the defendant agrees to complete a sworn financial statement and to provide all documents under the defendant's possession or control regarding the defendant's financial resources. The defendant authorizes the United States to obtain a credit report pertaining to the defendant.

4.      The defendant acknowledges and agrees that in accordance with 18 U.S.C. § 2259, mandatory restitution includes, but is not limited to, any minor victim of a child pornography offense charged under Chapter 110, United States Code. Further, pursuant to 18 U.S.C. § 3664(d)(5), the defendant agrees not to oppose bifurcation of the sentencing hearing for restitution purposes, if necessary.

5.      The defendant acknowledges and agrees that in accordance with 18 U.S.C. § 2259(b)(2)(B), the amount of restitution per victim at Count Fourteen shall not be less than $3,000.00 for trafficking in child pornography offenses.

6.      The defendant will immediately notify the Court and the United States Attorney of any improvement in the defendant's economic circumstances that might increase the defendant's ability to pay restitution and that occurs from the date of this agreement until the completion of the defendant's sentence, including any term of supervised release.

April 29, 2026
Page 3

7.  The defendant will voluntarily forfeit to the United States all property subject to forfeiture under 18 U.S.C. §§ 1030(i)(1)(A), 1030(i)(1)(B). 1030(i)(2), and 2253(a)(3), including but not limited to the following:

   a.  a Samsung Galaxy S8 phone bearing IMEI 359031085346502;

   b.  a Gigastone 64gb USB.

8.  The defendant acknowledges that the above-described property was used or intended to be used, in any manner or part, to commit, and/or facilitate the commission of the offenses charged at Counts One, Six and Fourteen.

9.  The defendant acknowledges that the above-described property is presently the subject of a criminal forfeiture action at the above-captioned criminal case number, and the defendant herewith voluntarily consents to the Court entering an order of forfeiture of said property to the United States.

10. If the Court imposes a fine or restitution as part of a sentence of incarceration, RICHARD ALAN MARTZ, JR. agrees to participate in the United States Bureau of Prisons' Inmate Financial Responsibility Program, through which 50% of the defendant's prison salary will be applied to pay the fine or restitution.

11. At the time RICHARD ALAN MARTZ, JR. enters the defendant's plea of guilty, the defendant will deposit a special assessment of $300 in the form of cash, check, or money order payable to "Clerk, U.S. District Court." In the event that sentence is not ultimately imposed, the special assessment deposit will be returned.

12. Defendant further agrees to pay an assessment per relevant count of conviction pursuant to 18 U.S.C. § 2259A as determined by the Court at the time of sentencing. Any assessments imposed shall be paid through the Office of the Clerk of District Court by bank or cashier's check or money order made payable to the "Clerk, United States District Court.

13. As required by 18 U.S.C. §§ 3563(a)(8) and 3583(d), and the Sex Offender Registration and Notification Act (SORNA, 34 U.S.C. § 20901 et seq.), RICHARD ALAN MARTZ, JR. agrees to report the address where the defendant will reside and any subsequent change of residence to the probation officer responsible for the defendant's supervision, and further agrees to register as a convicted sex offender under the law of any state in which the defendant resides, is employed, carries on a vocation, or is a student.

April 29, 2026
Page 4

14.    RICHARD ALAN MARTZ, JR. waives any former jeopardy or double jeopardy claims the defendant may have in or as a result of any related civil or administrative actions.

15.    RICHARD ALAN MARTZ, JR. waives the right to take a direct appeal from the defendant's conviction or sentence under 28 U.S.C. § 1291 or 18 U.S.C. § 3742, subject to the following exceptions:

    (a)    If the United States appeals from the sentence, RICHARD ALAN MARTZ, JR. may take a direct appeal from the sentence.

    (b)    If (1) the sentence exceeds the applicable statutory limits set forth in the United States Code, or (2) the sentence unreasonably exceeds the guideline range determined by the Court under the Sentencing Guidelines, RICHARD ALAN MARTZ, JR. may take a direct appeal from the sentence.

Defendant further waives the right to file a motion to vacate sentence under 28 U.S.C. § 2255, attacking the defendant's conviction or sentence and the right to file any other collateral proceeding attacking the defendant's conviction or sentence.

Nothing in the foregoing waivers of rights shall preclude the defendant from raising a claim of ineffective assistance of counsel in an appropriate forum, if otherwise permitted by law. The defendant understands that the government retains its right to oppose any such claim on procedural or substantive grounds.

16.    In the event the judgment of conviction and sentence entered as a result of this plea agreement does not remain in full force and effect for any reason, the government may reinstate any charges dismissed or reduced pursuant to this plea agreement. In the event of reinstatement, the defendant waives any claim of double jeopardy, statute of limitations, speedy trial, or similar objections to any count reinstated.

B.    In consideration of and entirely contingent upon the provisions of Parts A and C of this agreement, the United States Attorney for the Western District of Pennsylvania agrees to the following:

1.    After the imposition of sentence and pursuant to Rule 11(c)(1)(A), the United States Attorney will move to dismiss the remaining counts of the Indictment at Criminal No. 23-17 Erie, without prejudice to their reinstatement if, at any time, RICHARD ALAN MARTZ, JR. is permitted to withdraw the defendant's plea of guilty. In that event, RICHARD ALAN MARTZ, JR. waives any double jeopardy, statute of limitations,

April 29, 2026
Page 5

speedy trial, or similar objections to the reinstatement of any count dismissed pursuant to this agreement.

2. The United States Attorney retains the right of allocution at the time of sentencing to advise the sentencing Court of the full nature and extent of the involvement of RICHARD ALAN MARTZ, JR. in the offenses charged in the Indictment and of any other matters relevant to the imposition of a fair and just sentence, including victim impact.

3. The United States agrees to recommend a two-level downward adjustment for acceptance of responsibility and, pursuant to U.S.S.G. § 3E1.1(b), to move for an additional one-level adjustment. However, if at any time prior to imposition of the sentence, the defendant fails to fully satisfy the criteria set forth in U.S.S.G. § 3E1.1 or acts in a manner inconsistent with acceptance of responsibility, the United States will not make or, if already made, will withdraw this recommendation and/or motion.

4. The United States will take any position deemed appropriate in the course of any appeals from the sentence or in response to any post-sentence motions.

C.    RICHARD ALAN MARTZ, JR. and the United States Attorney further understand and agree to the following:

1. The penalty that may be imposed upon RICHARD ALAN MARTZ, JR. at Count One is:

   (a) A term of imprisonment of not more than 20 years;

   (b) A fine of not more than $250,000, or an alternative fine in an amount not more than the greater of twice the gross pecuniary gain to any person or twice the pecuniary loss to any person other than the defendant, unless the imposition of this alternative fine would unduly complicate or prolong the sentencing process;

   (c) A term of supervised release of not more than 3 years;

   (d) A special assessment under 18 U.S.C. § 3013 of $100;

   (e) Mandatory restitution under 18 U.S.C. §§ 3663, 3663A and 3664.

2. The penalty that may be imposed upon RICHARD ALAN MARTZ, JR. at Count Six is:

   (a) A term of imprisonment of two years to run consecutively with any other term imposed;

April 29, 2026
Page 6

    (b)    A fine of not more than $250,000 or an alternative fine in an amount not more than the greater of twice the gross pecuniary gain to any person or twice the pecuniary loss to any person other than the defendant, unless the imposition of this alternative fine would unduly complicate or prolong the sentencing process;

    (c)    A term of supervised release of not more than 1 year;

    (d)    A special assessment under 18 U.S.C. § 3013 of $100;

    (e)    Mandatory restitution under 18 U.S.C. §§ 3663, 3663A and 3664.

3.    The penalty that may be imposed upon RICHARD ALAN MARTZ, JR. at Count Fourteen is:

    (a)    A term of imprisonment of not less than five years nor more than twenty years;

    (b)    A fine of not more than $250,000;

    (c)    A term of supervised release of not less than 5 years and up to life;

    (d)    A special assessment under 18 U.S.C. § 3013 of $100;

    (e)    A special assessment under 18 U.S.C. § 2259A(a)(2) of not more than $35,000;

    (f)    Mandatory restitution under 18 U.S.C. §§ 3663, 3663A and 3664;

    (g)    Mandatory restitution under 18 U.S.C. § 2259 of not less than $3,000 per victim.

4.    The Court shall determine the victims and/or other persons or parties who will receive restitution as authorized by law.

5.    Because the offenses of conviction were part of a conspiracy of criminal activity, restitution is not limited to the offenses of conviction. The Court may order that restitution be paid to any victim, person, or party directly harmed by RICHARD ALAN MARTZ, JR.'s criminal conduct in the course of the conspiracy.

6.    Pursuant to Rule 11(c)(1)(C), the parties stipulate and agree that the appropriate sentence in this case is a total term of imprisonment of 8 years, a total term of supervised release of 5 years, and special assessments, a fine and restitution as ordered by the Court.

April 29, 2026
Page 7

Consistent with Rule 11(c)(1)(C), the Court may accept the plea agreement, reject the plea agreement, or defer a decision until it reviews the presentence report. If the Court rejects the plea agreement, consistent with Rule 11(c)(5), the defendant will have the opportunity to withdraw the defendant's guilty plea.

Defendant agrees that the defendant will not file a motion seeking relief under 18 U.S.C. § 3582(c)(2) if the Sentencing Guidelines are subsequently lowered by the Sentencing Commission.

7. The parties agree that the willful failure to pay any fine imposed by the Court may be treated as a breach of this plea agreement. RICHARD ALAN MARTZ, JR. acknowledges that the willful failure to pay any fine may subject the defendant to additional criminal and civil penalties under 18 U.S.C. § 3611 et seq.

8. This agreement does not preclude the government from pursuing any civil or administrative remedies against RICHARD ALAN MARTZ, JR. or the defendant's property.

9. If, at any time after this plea agreement is signed and prior to sentencing, the defendant (i) commits any additional federal, state, or local offense; or (ii) breaches any term of this plea agreement, the United States may at its discretion be released from its obligations under this agreement and the defendant's guilty plea, if already entered, will stand. In that event, the United States will be entitled to seek a sentence other than agreed-upon, reinstate previously dismissed or reduced charges and/or pursue additional charges against the defendant. The defendant waives any claim of double jeopardy, statute of limitations, speedy trial, or similar objections to any count reinstated.

Any alleged breach of this plea agreement shall be determined by agreement of the parties or by the Court. A breach of this plea agreement shall be established by a preponderance of the evidence.

10. The parties agree that, although charges are to be dismissed pursuant to this agreement, RICHARD ALAN MARTZ, JR. is not a prevailing party for the purpose of seeking attorney fees or other litigation expenses under Pub. L. No. 105-119, § 617 (Nov. 26, 1997) (known as the Hyde Amendment). RICHARD ALAN MARTZ, JR. waives any right to recover attorney fees or other litigation expenses under the Hyde Amendment.

11. Pursuant to the Standing Order of the United States District Court dated May 31, 2017, all plea letters shall include a sealed Supplement. The sealed

April 29, 2026
Page 8

Supplement to this plea letter is part of the agreement between the parties hereto.

This letter sets forth the full and complete terms and conditions of the agreement between RICHARD ALAN MARTZ, JR. and the United States Attorney for the Western District of Pennsylvania, and there are no other agreements, promises, terms or conditions, express or implied.

Very truly yours,

TROY RIVETTI
United States Attorney

CHRISTIAN A. TRABOLD
Assistant United States Attorney

I have received this letter from my attorney, Michael W. Harmon, Esquire, have read it and discussed it with him, and I understand the terms of the Agreement. I hereby voluntarily accept it and acknowledge that it fully sets forth my agreement with the Office of the United States Attorney for the Western District of Pennsylvania. I affirm that there have been no additional promises or representations made to me by any agents or officials of the United States in connection with this matter.

RICHARD ALAN MARTZ, JR.

5/26/2026
Date

Witnessed by:

MICHAEL W. HARMON, ESQUIRE
Counsel for RICHARD ALAN MARTZ, JR.